**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Magdalene Cole, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Topix Pharmaceuticals Inc. and Think Operations, LLC,<br><br>Defendants. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Plaintiff Magdalene Cole ("Plaintiff") brings this action on behalf of herself, and all others similarly situated against Defendants Topix Pharmaceuticals Inc. and Think Operations LLC (together known as "Defendants"). Plaintiff makes the following allegations pursuant to the investigation of Plaintiff's counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on Plaintiff's personal knowledge.

## NATURE OF THE ACTION

1. This action seeks to remedy the deceptive and misleading business practices of Defendants, Topix Pharmaceuticals Inc. and Think Operations LLC, with respect to the marketing and sale of Defendants' sunscreen products.

2. Defendants sell a popular line of sunscreen under the "Think Baby" brand that they market online as "natural" and "sunblock" specifically for babies (the "Products")[1]:

[1] The Products encompass all of Defendants sunscreens marketed as "sunblock" and "natural" but contain synthetic or artificial ingredients.

Thinkbaby SPF 50+ Baby Mineral Sunscreen – Safe, Natural Sunblock for Babies - Water Resistant Sun Cream – Broad Spectrum UVA/UVB Sun Protection – Vegan Baby Sunscreen Lotion, 3 Oz.

3. Defendants' sunscreen is so popular that it is listed as a number one best seller on Amazon's Baby Sun Protection category.

4. However, unlike the term "sunblock" implies, the Product does not completely block all of the sun's UV rays. Claims that a sunscreen is "sunblock" are expressly prohibited under U.S. regulations because they are *per se* false and misleading. 21 C.F.R. § 201.327(g) ("*False and misleading claims*. There are claims that would be false and/or misleading on sunscreen products. These claims include but are not limited to the following: 'Sunblock,' 'sweatproof,' and 'waterproof.' These or similar claims will cause the product to be misbranded under section 502 of the FD&C Act").

5. In addition to referring to their products as "natural" and "for babies" in the title of their online listing, Defendants reinforce their representation of naturalness, with additional representations on the Product's front packaging that the Product is "free of harmful chemicals" and "reef friendly." The combination of these representations creates the impression that the product is completely natural. But in reality, the product contains a number of artificial and/or synthetic ingredients.

6. Plaintiff has been deceived by Defendants' claims and as a result seeks damages on behalf of herself and the putative class.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28

U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) at least one member of the class is a citizen of a different state than Defendants; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

8. This Court has personal jurisdiction over Defendants because Defendants conduct and transact business in the State of New York, contract to supply goods within the State of New York, and supply goods within the State of New York.

9. Venue is proper because Plaintiff resides in the Southern District of New York. A substantial part of the events or omissions giving rise to Plaintiff's and the classes' claims occurred in this District.

**PARTIES**

10. Plaintiff Cole is a citizen of New York, who resides in New York, New York. Within the last three years of filing this Complaint, Plaintiff purchased Defendants' Product on Amazon.com. Prior to making her purchase, Plaintiff saw that the Product's title listing, which represented that the Product was "sunblock" and "natural" and 'for babies,' as well as the representations on the Product itself that it is "free of harmful chemicals" and "reef friendly."

11. Plaintiff Cole relied on these representations when deciding to purchase the Product over other sun protection products that did not make exaggerated claims about the effectiveness or naturalness of its Products. Plaintiff Cole saw the representations on Product's title listing and front of the packaging prior to and at the time of making her purchase and understood Defendants' statements to represent and warrant that the Product provided complete sun protection and contained no processed, artificial or synthetic ingredients.

12. Defendant, Topix Pharmaceuticals Inc. ("Topix"), is a New York corporation, with its principal place of business located in Amityville, New York. Topix manufactures, packages, labels, advertises, markets, distributes and/or sells the Products in New York and

throughout the United States.

13. Defendant, Think Operations LLC ("Think Operations"), is a Texas corporation, with its principal place of business located in West Babylon, New York. Think Operations manufactures, packages, labels, advertises, markets, distributes and/or sells the Products in New York and throughout the United States.

14. At all relevant times herein, Defendants Topix and Think Operations acted collectively or as authorized agents of each other in formulating, manufacturing, advertising, and selling the Product. As such, they are jointly and severally liable for each and every one of the violations alleged herein.

## GENERAL ALLEGATIONS

15. Defendants manufacture, market and sell sunscreen and other cosmetic products in New York and across the country.

16. Many of Defendants' sales occur on websites such as Amazon.com.

17. Defendants sell a line of sunscreen under their "Think Baby" sunscreen brand.

18. There is a strong consumer demand for natural sunscreen[2], especially amongst parents who are particularly concerned about exposing their babies to chemicals.

19. On Amazon, where Defendants sell the Product, the title listing for the product describes the Product as "Natural Sunblock for babies":

[2] https://business.yougov.com/content/46710-us-understanding-sunscreen-consumer-behaviors? (last accessed September 17, 2025)

Thinkbaby SPF 50+ Baby Mineral Sunscreen – Safe, Natural Sunblock for Babies - Water Resistant Sun Cream – Broad Spectrum UVA/UVB Sun Protection – Vegan Baby Sunscreen Lotion, 3 Oz.

20. Additionally, the Product itself, represents on the front of the packaging that it is "free from harmful chemicals" and "reef friendly."




21. The Defendants' representations create the impression that (a) the Product provides complete protection against the sun's UV rays; and (b) that the product is free from unnatural ingredients.

22. The FDA explicitly prohibits companies from marketing sunscreen as "sunblock" because it provides the false impression that the sunscreen provides complete protection from the sun's UV rays, even though there is no sunscreen that can do such a thing. 21 C.F.R. § 201.327(g) ("*False and misleading claims*. There are claims that would be false and/or misleading on sunscreen products. These claims include but are not limited to the following: 'Sunblock,' 'sweatproof,' and 'waterproof.' These or similar claims will cause the product to be misbranded under section 502 of the FD&C Act")

23. Here, Defendants' representations are misleading because (a) the sunscreen does not provide complete protection from the sun's UV rays; and (b) the sunscreen is not completely natural, as it contains synthetic and/or artificial ingredients such as cetyl dimethicone, caprylhydroxamic acid, hexyl laurate, among others.

24. It is also not unreasonable for consumers to believe that sunscreen product is free from unnatural ingredients, because many such products exist on the market already, including Suntribe's Active Organic Mineral Sunscreen,[3] and Raw Elements Face + Body Lotion Mineral Sunscreen.[4]

25. Plaintiff seeks to represent a class of all individuals who purchased the Product.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to Federal Rules of Civil Procedure 23(a), (b)(1), and (b)(3) defined as (collectively, the "Classes"):

**Nationwide Class:** All persons in the United States who, during the maximum

[3] https://suntribesunscreen.com/product/suntribe-active-natural-mineral-sunscreen-spf50/ (Last accessed October 2, 2025)
[4] https://www.rawelementsusa.com/collections/all/products/face-body-30-tube (Last accessed October 2, 2025)

period of time permitted by law, purchased any of Defendants' Products primarily for personal, family or household purposes, and not for resale (the "Class").

**New York Subclass:** All persons residing in New York who, during the maximum period of time permitted by the law, purchased any of Defendants' Product primarily for personal, family or household purposes, and not for resale (the "New York Subclass").

27. The Class does not include (1) Defendants, their officers, and/or their directors; or (2) the Judge to whom this case is assigned and the Judge's staff.

28. Plaintiff reserves the right to amend the above class definition and add additional classes and subclasses as appropriate based on investigation, discovery, and the specific theories of liability.

29. ***Community of Interest***: There is a well-defined community of interest among members of the Class, and the disposition of the claims of these members of the Class in a single action will provide substantial benefits to all parties and to the Court.

30. ***Numerosity***: While the exact number of members of the Class is unknown to Plaintiff at this time and can only be determined by appropriate discovery, upon information and belief, members of the Class number in the millions. Members of the Class may also be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and third-party retailers and vendors.

31. ***Existence and predominance of common questions of law and fact***: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individuals of the Class. These common legal and factual questions include, but are not limited to:

a. Whether the marketing, advertising, packaging, labeling, and other promotional

materials for the Product are deceptive;

b. Whether Defendants fraudulently induced Plaintiff and the members of the Classes into purchasing the Product;

c. Whether Plaintiff and the members of the Classes have suffered damages as a result of Defendants' actions and the amount thereof;

d. Whether Plaintiff and the members of the Classes are entitled to statutory damages; and

e. Whether Plaintiff and the members of the Classes are entitled to attorneys' fees and costs.

32. ***Typicality:*** The claims of the named Plaintiff are typical of the claims of other members of the Classes in that the named Plaintiff was exposed to Defendants' false and misleading marketing, purchased Defendants' Product, and suffered a loss as a result of those purchases.

33. ***Adequacy***: Plaintiff will fairly and adequately represent and protect the interests of the Class as required by Federal Rule of Civil Procedure Rule 23(a)(4). Plaintiff is an adequate representative of the Class because Plaintiff has no interests which are adverse to the interests of the members of the Class. Plaintiff is committed to the vigorous prosecution of this action and, to that end, Plaintiff has retained skilled and experienced counsel.

34. Moreover, the proposed Class can be maintained because it satisfies both Rule 23(a) and 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members and a Class Action is superior to all other available methods of the fair and efficient adjudication of the claims asserted in this action under Federal Rule of Civil Procedure 23(b)(3) because:

(a) The expense and burden of individual litigation makes it economically unfeasible

for members of the Class to seek to redress their claims other than through the procedure of a class action;

(b) If separate actions were brought by individual members of the Class, the resulting duplicity of lawsuits would cause members of the Class to seek to redress their claims other than through the procedure of a class action; and

(c) Absent a class action, Defendants likely will retain the benefits of its wrongdoing, and there would be a failure of justice.

## CAUSES OF ACTION

### COUNT I
**Violation of State Consumer Protection Statutes[5]**
**(On Behalf of Plaintiff and the Nationwide Class)**

35. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

36. The Consumer Protection Statutes of the Nationwide Class members prohibit the

[5] While discovery may alter the following, Plaintiff asserts that the states with similar consumer fraud laws under the facts of this case include but are not limited to: Alaska Stat. § 45.50.471, et seq.; Ariz. Rev. Stat. §§ 44-1521, et seq.; Ark. Code § 4-88-101, et seq.; Cal. Bus. & Prof. Code § 17200, et seq.; Cal. Civ. Code §1750, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Colo. Rev. Stat. Ann. § 6-1-101, et seq.; Conn. Gen Stat. Ann. § 42- 110, et seq.; 6 Del. Code § 2513, et seq.; D.C. Code § 28-3901, et seq.; Fla. Stat. Ann.§ 501.201, et seq.; Ga. Code Ann. § 10-1-390, et seq.; Haw. Rev. Stat. § 480-2, et seq.; Idaho Code. Ann. § 48-601, et seq.; 815 ILCS 501/1, et seq.; Ind. Code § 24-5-0.5-2, et seq.; Kan. Stat. Ann. § 50-623, et seq.; Ky. Rev. Stat. Ann. § 367.110, et seq.; LSA-R.S. 51:1401, et seq.; Me. Rev. Stat. Ann. Tit. 5, § 207, et seq.; Md. Code Ann. Com. Law, § 13-301, et seq.; Mass. Gen Laws Ann. Ch. 93A, et seq.; Mich. Comp. Laws Ann. § 445.901, et seq.; Minn. Stat. § 325F, et seq.; Mo. Rev. Stat. § 407, et seq.; Neb. Rev. St. §§ 59-1601, et seq.; Nev. Rev. Stat. § 41.600, et seq.; N.H. Rev. Stat. § 358-A:1, et seq.; N.J. Stat. Ann. § 56:8, et seq.; N.M. Stat. Ann. § 57-12-1, et seq.; N.Y. Gen. Bus. Law § 349, et seq.; N.C. Gen Stat. § 75-1.1, et seq.; N.D. Cent. Code § 51-15, et seq.; Ohio Rev. Code Ann. § 1345.01, et seq.; Okla. Stat. tit. 15 § 751, et seq.; Or. Rev. Stat. § 646.605, et seq.; 73 P.S. § 201-1, et seq.; R.I. Gen. Laws § 6-13.1- 5.2(B), et seq.; S.C. Code Ann. §§ 39-5- 10, et seq.; S.D. Codified Laws § 37-24-1, et seq.; Tenn. Code Ann. § 47-18-101, et seq.; Tex. Code Ann., Bus. & Con. § 17.41, et seq.; Utah Code. Ann. § 13-11-175, et seq.; 9 V.S.A. § 2451, et seq.; Va. Code Ann. § 59.1-199, et seq.; Wash. Rev. Code § 19.86.010, et seq.; W. Va. Code § 46A, et seq.; Wis. Stat. § 100.18, et seq.; and Wyo. Stat. Ann. § 40-12-101, et seq.

use of deceptive, unfair, and misleading business practices in the conduct of trade or commerce.

37. By the acts and conduct alleged herein, Defendants engaged in deceptive, unfair, and misleading acts and practices by making the Misrepresentations, leading consumers to incorrectly believe the Products completely blocked the sun's UV rays and were free from artificial and synthetic ingredients.

38. The foregoing deceptive acts and practices were directed at consumers.

39. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the nature and value of the Products

40. As a result of Defendants' deceptive practices, Plaintiff and the Nationwide Class members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendants' misrepresentations.

41. On behalf of herself and the Nationwide Class members, Plaintiff seeks to recover their actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs.

**COUNT II**
**Violation of New York G.B.L. § 349**
**(On Behalf of Plaintiff and the New York Subclass)**

42. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

43. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

44. In its sale of the Products throughout the state of New York, at all relevant times herein, Defendants conducted business and trade within the meaning and intent of New York's General Business Law § 349.

45. Plaintiff and the New York Subclass members are consumers who purchased the

Product from Defendants for personal use.

46. By the acts and conduct alleged herein, Defendants engaged in deceptive, unfair, and misleading acts and practices by making the Misrepresentations, leading Plaintiff and consumers to believe the Product is entirely natural and provided complete protection from the sun's UV rays. But despite those representations, the Product contains artificial and/or synthetic ingredients and does not provide complete protection from the sun's UV rays.

47. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the naturalness and effectiveness of the Product.

48. As a result of Defendants' deceptive practices, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Product had they known the veracity of Defendants' misrepresentations.

49. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## COUNT III
## Violation of New York G.B.L. §350
## (On Behalf of Plaintiff and the New York Subclass)

50. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

51. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

52. Defendants violated New York General Business Law § 350 by making the Misrepresentations, leading Plaintiff and consumers to believe the Product is entirely natural and provided complete protection from the sun's UV rays. But despite those representations, the Product contains artificial and/or synthetic ingredients and does not provide complete protection

from the sun's UV rays.

53. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

54. Defendants' misrepresentations have resulted in consumer injury or harm to the public interest.

55. As a result of Defendants' false advertising, Plaintiff and the New York Subclass members suffered an economic injury because they would not have purchased (or paid a premium for) the Products had they known the veracity of Defendants' Misrepresentations.

56. On behalf of herself and the New York Subclass members, Plaintiff seeks to recover their actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## COUNT IV
**Unjust Enrichment**
**(On Behalf of Plaintiff and All Class Members in the Alternative)**

57. Plaintiff incorporates by reference each of the allegations contained in the foregoing paragraphs of this Complaint as though fully set forth herein.

58. Plaintiff, on behalf of herself and consumers nationwide, brings a claim for unjust enrichment.

59. Defendants' conduct, violated, inter alia, state law by manufacturing, advertising, marketing, and selling their Products while misrepresenting and omitting material facts.

60. Defendants' unlawful conduct as described in this Complaint allowed Defendants to knowingly realize substantial revenue from selling their Product at the expense of, and to the detriment or impoverishment of, Plaintiffs and Class Members and to Defendant's benefit and enrichment. Defendants have violated fundamental principles of justice, equity, and good conscience.

61. Plaintiff and Class Members conferred significant financial benefits and paid substantial compensation to Defendants for the Product, which were not as Defendants represented them to be.

62. Accordingly, it is inequitable for Defendants to retain the benefits conferred by Plaintiff and Class Members' overpayments.

63. Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and establishment of constructive trust from which Plaintiff's and Class Members may seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) For compensatory, statutory and punitive damages in amounts to be determined by the Court and/or jury;

(d) For prejudgment interest on all amounts awarded;

(e) For an order of restitution and all other forms of equitable monetary relief; and

(f) For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

Dated: October 16, 2025

**GUCOVSCHI LAW FIRM, PLLC.**

By: */s/ Adrian Gucovschi*
Adrian Gucovschi, Esq.

Adrian Gucovschi
Nathaniel Haim Sari (*pro hac vice* forthcoming)
140 Broadway, FL 46
New York, NY 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gucovschilaw.com
nathaniel@gucovschilaw.com

*Attorneys for Plaintiff and the Putative Class*